IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-62-BO

| | |
|---|---|
| DEBORA GIBSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 20 & 23]. A hearing on this matter was held in Raleigh, North Carolina on August 28, 2014 at 11:00 a.m. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff was 52 years old at the time of the alleged onset of her disability. She completed four years of college and has worked as an internal auditor/utilization review coordinator. [Tr. 50, 200, 206]. On April 6, 2010, Ms. Gibson filed an application for disability insurance benefits with an alleged onset date of July 3, 2009. Ms. Gibson complains of asthma, diastolic heart failure, type II diabetes, obstructive sleep apnea, allergies, hypertension, irritable bowel syndrome, bile acid diarrhea, GERD, and obesity. [Tr. 36, 80, 153, 205]. The application was denied initially and upon reconsideration. Subsequently, at plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on August 31, 2011 and then rendered an unfavorable

decision on November 10, 2011. The Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work

despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, plaintiff alleges that the ALJ erred by finding that plaintiff has an RFC of light. Specifically plaintiff notes that the limitations found by four of her treating physicians support an RFC that are not even consistent with sedentary work. The Court agrees that the ALJ's RFC determination is not supported by substantial evidence.

The ALJ erred in his RFC determination by rejecting the opinions from three different treating physicians in the record and instead partially adopting finding from a non-examining consultant as well as relying on his lay interpretation of the evidence to determine Ms. Gibson's RFC. [Tr. 16–22]. The ALJ rejected the opinions of Drs. Sparks and Hioe as inconsistent with Ms. Gibson's improvement but fails to point to any specific evidence that would show these doctors did not consider her modest response to treatment. [Tr. 22]. As both doctors were long-time treating sources, it should have been clear to the ALJ that they were aware of Ms. Gibson's response to treatment and his reasoning is insufficient to not afford their treating physician opinions the weight they are presumptively due. *See* 20 C.F.R. § 404.1527(c)(2) (the Commissioner must give controlling weight to a treating physician whose opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record"); SSR 96-2p (a well-supported opinion from a treating source that is not contradicted by substantial evidence must be adopted). The ALJ also failed to identify substantial evidence that contradicts the opinions from

these treating sources. A review of the record shows that their opinions are based on appropriate clinical and diagnostic medical findings. [Tr. 1061–63, 1067–69]. Accordingly the opinions should have been given controlling weight.

Similarly, the ALJ erred in his evaluation and assignment of weight to Dr. Schecodnic's opinion. The ALJ discounted this opinion, because he believed it was based largely on Ms. Gibson's subjective complaints. [Tr. 22]. However, the doctor cited to her notes for clinical and diagnostic findings that supported her opinions. [Tr. 270, 1167–69, 1430–31, 1440]. Again, the ALJ failed to point to substantial evidence that contradicts her opinion that the plaintiff cannot even perform sedentary work. Accordingly, Dr. Schecodnic's opinion was also entitled to controlling weight. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p.

Finally, the ALJ's actual RFC finding is clearly not supported by substantial evidence. It is unclear what evidence the ALJ relied on to determine the RFC as he only gave some weight to the non-examining state agency source to opined Ms. Gibson could perform medium exertional work and rejected all the other medical opinions of record. [Tr. 16–22]. The ALJ is not permitted to make a medical determination without good reasons supported by specific medical and nonmedical evidence. *Wilson v. Heckler*, 743, F.2d 218, 221 (4th Cir. 1984) (holding that the ALJ erroneously "exercised an expertise he did not possess" by interpreting clinical findings); *see also* SSR 96-8p ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence. . . ."). It appears to the Court that the ALJ here simply performed a Solomonian splitting of the baby taking a non-examining physician's RFC of medium and examining doctors' RFC of sedentary or less than sedentary, discounting all of them, and arriving at an RFC

4

of light. While this may appear to be a just result, it is not rooted in substantial evidence in the record and therefore fails.

The substantial evidence in the record clearly shows that plaintiff's RFC is at a level of less than light. The Court remands to the Commissioner for a determination of whether plaintiff's RFC is sedentary or less than sedentary, whether plaintiff has transferrable skills, and whether, if plaintiff does not GRID out, jobs exist in the national economy in significant numbers that plaintiff can perform.

As no step five findings have been made in this case with plaintiff's appropriate RFC level, and as this Court cannot make findings and determinations in the first instance, remand is the appropriate solution. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This _4_ day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE