IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-62-BO

| | | |
|---|---|---|
| DEBORA GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's motion for attorney's fees and costs pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA). [DE 30]. For the reasons discussed below, plaintiff's motion is GRANTED.

## BACKGROUND

Ms. Gibson sought appellate review of the Commissioner's decision before this Court on April 5, 2013. On August 28, 2014, a hearing was held in Raleigh, North Carolina, after which this Court remanded the matter back to the Commissioner for further proceedings pursuant to one of three arguments presented by plaintiff. Plaintiff now seeks an award of attorney's fees under the EAJA in the amount of $8,654.94 for 46.3 hours of attorney time spent on the appeal and $350.00 in filing fees.[1] Defendant does not dispute that plaintiff was the prevailing party, that defendant's position in the underlying litigation was unjustified, or that plaintiff is procedurally eligible for EAJA fees. Defendant does, however argue that the number of hours billed by plaintiff is excessive and warrants reduction.

---

[1] Roughly 1.6 of plaintiff's 46.3 hours were billed for responding to defendant's opposition to the instant motion.

1

## DISCUSSION

Under the EAJA, parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the position of the United States throughout the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the EAJA, the claimant must show that (i) she is the prevailing party; (ii) the government's position was not substantially justified; (iii) no special circumstances make an award unjust; and (iv) the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). As defendant does not dispute that plaintiff meets these threshold conditions for an award of fees and costs under the EAJA, the Court finds that plaintiff has met them.

"Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2001) (citation omitted). As the prevailing party here, "plaintiff 'bears the burden of establishing that the number of hours for which she seeks reimbursement is reasonable and does not include any claim for hours which are excessive, redundant, or otherwise unnecessary.'" *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, *3 (E.D.N.C. Feb. 8, 2008) (citation omitted). In determining the amount of a fee, a court may consider the extent of plaintiff's success, the novelty and complexity of the issues presented, the experience and skill of the attorney, and the typical range of compensated hours in a particular field. *Id.* at *3–*4. A court has great discretion to determine the fee award so long as the fee is reasonable. *Hyatt*, 315 F.3d at 254.

The bulk of the hours billed were devoted to reviewing transcripts and summarizing the lengthy medical evidence, a fact which defendant does not dispute. Given that the record in this

case was over 1000 pages long, the number of hours spent is not excessive. In fact, plaintiff's invoice for 46.3 hours is not much greater than the typical range of compensated hours in social security disability litigation despite the incredibly lengthy record. *See, e.g., DiGennaro v. Bowen*, 666 F.Supp 426, 433 (E.D.N.Y. 1987) (finding that "compensated hours generally range from twenty to forty hours."); *see also Hutchison v. Chater*, No. 95-44084-SAC, 1996 WL 699695, *3 (D.Kan Oct. 31, 1996) (holding that the "typical EAJA fee application in social security cases claims between thirty and forty hours").[2] Moreover, an award of $8,654.94 leaves this case well within the heartland of recent attorney's fees awarded by this Court. *See Jenkins v. Colvin*, No. 7:12-CV-351-BO (awarding EAJA fees in the amount of $9,125.00 on June 9, 2014); *West v. Colvin*, No. 5:11-CV-664-BO (awarding $10,000.00 on November 6, 2014).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for EAJA fees is GRANTED and plaintiff's counsel is awarded fees in the amount of $8,654.94 and expenses in the amount of $350.00.

SO ORDERED, this 18 day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Although the Commissioner is correct that plaintiff achieved success on only one ground out of the three presented, the Court did not address the remaining issues plaintiff raised. Accordingly, the Court declines to adopt defendant's argument that the lack of a decision on the remaining two issues presented demonstrates that plaintiff achieved limited success.